■ WILLIE EADY, as Administratrix of the Estate of EDWARD G. EADY,

Deceased, Appellant, v JACOB B. ALTER et al., Respondents.—In an action to recover damages for wrongful death and conscious pain and suffering, plaintiff appeals from a judgment of the Supreme Court, Kings County, entered April 3, 1975, in favor of defendants, upon the trial court's dismissal of the complaint at the close of plaintiff's case, at a jury trial. Judgment modified, on the law, by (1) deleting from the first decretal paragraph thereof the words "both defendants" and substituting therefor the words "defendant Jacob B. Alter" and (2) deleting the third decretal paragraph thereof. As so modified, judgment affirmed; as between plaintiff and defendant Unity Hospital, action severed and new trial granted, with costs to abide the event. Defendant Alter is awarded one bill of costs against plaintiff. No fact findings were presented for review. The action was properly dismissed as against defendant Alter because no prima facie case was established against him. A new trial is required, however, as to defendant Unity Hospital. Plaintiff's decedent was admitted to the defendant hospital on October 18, 1969 for a bronchitis problem. On October 22, at 11:50 P.M., however, he began acting "very nervous". A disturbance in his room at about 1:30 A.M. on October 23 led to the transfer of the other patient in the room to a different room. There was testimony that decedent had led the other patient in the room to the window and asked him whether he wanted to go home with him. The intern on duty had written on appellant's hospital record: "pt is getting nervous. had shaking all body and tried to jump out from window with the other patient in same room." The intern, who was in Korea at the time of the trial, never testified. Approximately 10 minutes after this incident the decedent committed suicide by jumping from the window in his room. There was testimony that he had been inadequately restrained following the reported incident. Upon the facts of this case, a prima facie case was established. Although the notation of the intern was potentially hearsay because she had not been present at the time the incident occurred, it was admissible for the purpose of establishing the decedent's state of mind. The truth or falsity of whether he really tried to jump is irrelevant. What is relevant is that his state of mind manifested the potential to do himself harm, and that the intern, believing that decedent presented a potential danger to himself, failed to act to properly restrain him from actually harming himself. A prima facie case was therefore established. Hopkins, Acting P. J., Cohalan, Damiani, Christ and Titone, JJ., concur.