Michelle **THOMPSON**, Plaintiff,

v.

**ST. ANNE'S HOSPITAL**, et al., **Defendants.**

**No. 89 C 2869.**

United States District Court, N.D. Illinois, E.D.

July 24, 1989.

James G. McConnell, Jeffrey M. Goldberg & Associates, Ltd., Chicago, Ill., for plaintiff.

Cecil A. Partee, State's Atty. of Cook County by Frank J. Oles, Asst. State's Atty., Chicago, Ill., for defendants.

## ORDER

BUA, District Judge.

Plaintiff Michelle Thompson has brought this action alleging that the defendant doctors and hospitals failed to provide her with proper medical treatment in connection with the premature delivery of her baby. Thompson claims that at 12:00 a.m. on the morning of April 8, 1988, she presented herself at the emergency room of defendant St. Anne's Hospital. Thompson, who was seventeen weeks pregnant at the time, was experiencing labor pains and vaginal bleeding. Thompson alleges that St. Anne's personnel failed to properly examine her or stabilize her condition and then inappropriately transferred her to defendant Cook County Hospital, where she arrived at 3:30 a.m. that same morning. Thompson claims that Cook County Hospital's personnel also failed to properly examine her, monitor her, or stabilize her condition. She further asserts that when she went into active labor about an hour after arriving at Cook County Hospital, the hospital's personnel left her unattended to deliver her baby in unsterilized surroundings. The premature infant survived for only five hours.

Based on these allegations, Thompson brings suit claiming violations of the Emer-

gency Medical Treatment and Active Labor Act ("the Act"), 42 U.S.C. § 1395dd, which was signed into law four years ago as part of the Consolidated Omnibus Budget Reconciliation Act of 1985 (COBRA). Pub.L. 99–272, 100 Stat. 82 (1986). Section 1395dd provides that where a person presents himself or herself at a hospital with an emergency medical condition or in active labor, the hospital must provide either

(A) ... for such further medical examination and such treatment as may be required to stabilize the medical condition or to provide for treatment of the labor, or

(B) for transfer of the individual to another medical facility in accordance with subsection (c) of this section.

42 U.S.C. § 1395dd(b)(1)(A,B). Subsection (c) of § 1395dd provides that patients in labor or having an emergency medical condition can be transferred only under certain limited circumstances. The Act allows for civil actions in federal court to enforce its substantive provisions. 42 U.S.C. § 1395dd(d). *See Bryant v. Riddle Memorial Hospital,* 689 F.Supp. 490 (E.D.Pa. 1988).

Defendants Cook County Hospital, the Board of Commissioners of Cook County, Christine Skorberg, M.D., and Prakash Khatkhate, M.D. (collectively, "the County defendants") have moved to dismiss Counts II, V and VI of the complaint on the grounds that the facts Thompson alleges fail to support a § 1395dd claim against them. According to the County defendants, the purpose of the Act is to prevent "patient dumping," *i.e.,* the practice of transferring indigent patients from one hospital to another because they are uninsured and cannot afford the medical treatment they are seeking. The County defendants maintain that since they did not engage in any "patient dumping" activity, they did not violate the Act.

In making their argument, however, the County defendants focus on only one aspect of "patient dumping"—the *transferring* aspect addressed in subsections (b)(1)(B) and (c) of § 1395dd. The County defendants ignore subsection (b)(1)(A) of

§ 1395dd, which prohibits the denial of stabilizing treatment to patients having an emergency medical condition or in labor. It is subsection (b)(1)(A) of § 1395 that Thompson alleges the County defendants violated, and the facts she alleges clearly support such a claim under the broad language of the statute. Moreover, although the County defendants have urged the court to consider the purpose of the statute, the legislative history of the Act indicates that the statute is aimed at preventing hospitals not only from transferring indigent patients but also from simply rejecting them. *See* 131 Cong.Rec. S 13,903 (daily ed. October 23, 1985); 131 Cong.Rec. H 9503 (daily ed. October 31, 1985). *See generally* Note, *Preventing Patient Dumping: Sharpening COBRA's Fangs*, 61 N.Y.U.L.Rev. 1186 (1986). Therefore, as both the statutory language and the legislative history support a cause of action against against the County defendants under the facts alleged, their motion to dismiss is denied.