**Barbara SORRELLS, Plaintiff,**

v.

**Warren BABCOCK, M.D., James Frakes, M.D., Douglas Kinkel, M.D., Mark T. Shiels, M.D., and Swedish American Hospital, Defendants.**

No. 89 C 20292.

United States District Court, N.D. Illinois, W.D.

March 20, 1990.

Kenneth C. Chessick, M.C., Law Offices of Kenneth C. Chessick, Schaumburg, Ill., for plaintiff.

Edward Maher, Clark, McGreevy & Johnson, Robert McWilliams and Gregory P. Guth, Rockford, Ill., for defendants.

## ORDER

ROSZKOWSKI, District Judge.

This action comes before the court on Defendant Dr. Douglas Kinkel's motion to dismiss Counts II and III of Plaintiff's complaint. For the reasons set forth herein, the court denies Defendant's motion to dismiss.

## BACKGROUND

Plaintiff, Barbara Sorrells, filed suit in the United States District Court for the Northern District of Illinois on June 8, 1989 alleging a personal injury/medical malpractice action against Defendants. Plaintiff and all individual Defendants are residents of the State of Illinois. Defendant Swedish American Hospital is licensed by the State of Illinois and is located in Rockford, Illinois. Defendants Warren Babcock, James Frakes, Douglas Kinkel and Mark Shiels are all licensed physicians who are practicing in the State of Illinois.

Count II of Plaintiff's complaint alleges an action against Defendant Douglas Kinkel under 42 U.S.C. § 1395dd. This section is referred to as the COBRA Act or the Emergency Medical Treatment and Active Labor Act. The acronym "COBRA" refers to the Consolidated Omnibus Budget Reconciliation Act of 1986 of which § 1395dd is a part.

Plaintiff's complaint states that on June 26, 1987, Plaintiff was admitted to the emergency room of Swedish American Hospital in an unstable emergency medical condition. The condition was subsequently diagnosed as gastrointestinal bleeding. Plaintiff alleges that she was discharged from the emergency room without stabilization of her signs and symptoms. Plaintiff states that at the time of her discharge she exhibited dizziness, recurrent vomiting, diffuse abdominal pain and diffuse abdominal tenderness. As a result of her discharge from the emergency room, Plaintiff contends she suffered severe complications

of her gastrointestinal bleeding and gastroesophageal reflux. At the time of this incident, Defendant Kinkel had an employment contract with Defendant Swedish American Hospital. Dr. Kinkel treated Plaintiff while she was in the emergency room.

Count III of Plaintiff's complaint alleges a pendent state law claim for medical malpractice against Defendant Kinkel. Plaintiff lists eight allegations in support of her medical malpractice action. Basically, Plaintiff contends that Defendant Kinkel carelessly and negligently breached his duty to render adequate and proper care and treatment to Plaintiff. Plaintiff states that the care and treatment rendered to her did not meet the standard of care for a patient in Plaintiff's condition.

Defendant Kinkel has brought a motion to dismiss Counts II and III of Plaintiff's complaint for want of federal subject matter jurisdiction. Defendant Kinkel first contends that a COBRA violation cannot be pursued in a federal forum. If the court, however, finds a federal remedy exists under COBRA, Defendant Kinkel requests an evidentiary hearing in order to determine if Plaintiff left the emergency room in an unstabilized emergency medical condition. Defendant asserts that jurisdiction is heavily dependant on whether Plaintiff left the hospital in an unstabilized medical condition. Defendant Kinkel further contends that there must be a knowing and/or an intentional violation of COBRA in order for a plaintiff to seek protection from the Act. Defendant Kinkel also moves for dismissal on the basis that COBRA applies only to hospitals and not to physicians. Finally, Defendant Kinkel argues that Counts II and III must be dismissed because COBRA does not authorize any private recovery by a plaintiff.

## DISCUSSION

In analyzing a motion to dismiss, this court will not dismiss a complaint unless it is clear there are no set of facts that Plaintiff could prove consistent with the pleadings that would entitle her to relief. *Hishon v. King & Spaulding*, 467 U.S. 69, 73,

104 S.Ct. 2229, 2232, 81 L.Ed.2d 59 (1984); *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–02, 2 L.Ed.2d 80 (1957); *Murphy v. Lane*, 833 F.2d 106, 107 (7th Cir. 1987); *Vaden v. Village of Maywood*, 809 F.2d 361, 363 (7th Cir.), *cert. denied*, 482 U.S. 908, 107 S.Ct. 2489, 96 L.Ed.2d 381 (1987). The court will accept all well-pleaded factual allegations in the complaint as true. *Vaden*, 809 F.2d at 363; *Doe v. St. Joseph's Hospital of Fort Wayne*, 788 F.2d 411, 414 (7th Cir.1986). In addition, this court will view the allegations in a light most favorable to the non-moving party. *Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101, 1106 (7th Cir.1984), *cert. denied*, 470 U.S. 1054, 105 S.Ct. 1758, 84 L.Ed.2d 821 (1985); *Wolfolk v. Rivera*, 729 F.2d 1114, 1116 (7th Cir.1984).

COBRA was enacted to end "patient dumping". "Patient dumping" refers to the practice of a hospital that, despite being capable of providing the needed medical care, transfers patients to another institution or refuses to treat patients because the patient is unable to pay. *Reid v. Indianapolis Osteopathic Medical Hosp.*, 709 F.Supp. 853, 853–54 (S.D.Ind.1989). Congress sought to end patient dumping by providing that any hospital receiving federal funds must accept any patient seeking treatment in its emergency room or risk the loss of funding. Section 1395dd(d)(3)(A) provides that an individual suffering harm as a direct result of a COBRA violation may recover damages in a civil action against the participating hospital. COBRA does not, however, specifically provide for a remedy in the United States District Courts.

Defendant Kinkel first argues that a COBRA violation cannot be pursued in a federal forum. COBRA took effect on August 1, 1986. Due to its recent enactment, very little case law exists interpreting the Act. One case, however, is directly on point as to this issue.

In *Bryant v. Riddle Memorial Hosp.*, 689 F.Supp. 490 (1988), the United States District Court for the Eastern District of Pennsylvania determined, for the first time, whether COBRA provided for a pri-

vate cause of action in federal court. The *Bryant* court first noted that Section 1395dd(d)(3)(A) of the Act clearly allows for civil enforcement of its provisions through a private cause of action. Section 1395dd(d)(3)(A) provides:

> Any individual who suffers personal harm as a direct result of a participating hospital's violation of a requirement of this section may, in a civil action against the participating hospital, obtain those damages available for personal injury under the law of the State in which the hospital is located, and such equitable relief as is appropriate.

The court then engaged in an extensive examination of the legislative history surrounding the enactment of COBRA before concluding that it was the intent of Congress to allow a COBRA action to be brought in federal court.

The *Bryant* court first looked to congressional committee reports in order to determine Congress' intent. The Ways and Means Committee stated the following:

> Any persons or entity adversely and directly affected by a participating hospital's violation of these requirements may bring an action, *in an appropriate state or Federal district court,* for damages to the person arising from the violation and for other relief as may be appropriate to remedy the violation or deter subsequent violations. (emphasis added).

*Bryant,* 689 F.Supp. at 492, *citing,* H.R. Rep. No. 241(I), 99th Cong., 1st Sess. 28, *reprinted in* 1986 U.S.Code Cong. & Admin.News 42, 606. The Judiciary Committee, after concurring with the findings of the Ways and Means Committee, clarified COBRA's enforcement provisions. The Judiciary Committee stated that "state courts will have concurrent jurisdiction to hear and decide actions brought under (COBRA), and ... the Act allows an aggrieved party to bring an action in federal or state court." *Bryant,* 689 F.Supp. at 493, *citing,* H.R.Rep. No. 241(III), 99th Cong., 1st Sess. 7, *reprinted in* 1986 U.S.Code Cong. & Admin.News 729.

Finally, the *Bryant* court noted that the Judiciary Committee considered an amend-ment which would have stricken the federal cause of action. The amendment, however, was defeated. *Bryant,* 689 F.Supp. at 493, *citing,* H.R.Rep. No. 241(III), 99th Cong., 1st Sess. 8, *reprinted in* 1986 U.S.Code Cong. & Admin.News 730. The *Bryant* court concluded that "it is therefore clear that both the Senate and the House agreed to provide a federal cause of action and to instruct both state and federal courts to apply state law when determining damages." *Bryant,* 689 F.Supp. at 493. *See, also, Thompson v. St. Anne's Hosp.,* 716 F.Supp. 8, 9 (N.D.Ill.1989) and *Reid v. Indianapolis Osteopathic Medical Hosp.,* 709 F.Supp. 853, 854 n. 1 (S.D.Ind.1989), agreeing that § 1395dd allows civil actions in federal court to enforce COBRA's provisions.

■ This court agrees with the three other United States District Courts considering the issue that COBRA does provide for enforcement of its provisions in a federal forum. Defendant Kinkel then requests an evidentiary hearing to determine this court's jurisdiction. Defendant argues that this court's jurisdiction is heavily dependant on demonstrating that Plaintiff left the emergency room in an unstabilized emergency medical condition. Defendant's reasoning for an evidentiary hearing is that if Plaintiff did not leave the emergency room in an unstable condition, she is not a member of the class that Congress sought to protect in passing COBRA and, therefore, this court would lack jurisdiction over the matter.

The court understands Defendant's thinking in this matter; however, what the Defendant is really asking the court to do is to determine an ultimate issue of fact in order to assert jurisdiction. For purposes of a motion to dismiss, the court accepts all well-pleaded factual allegations as true. Plaintiff has asserted in her complaint that she left Swedish American Hospital's emergency room in an unstabilized condition. Therefore, the court must accept that allegation as true. Plaintiff is, therefore, considered a member of the class that Congress intended to protect in passing the COBRA Act. As stated above, a federal

court has jurisdiction over cases brought to enforce COBRA's provisions. Moreover, the court believes that an issue so intertwined with a cause of action as to be an ultimate issue in the case, takes precedent over a jurisdictional question.

■ Defendant Kinkel also argues in support of his motion to dismiss that knowledge or intent is a crucial determination in order to find a violation of COBRA. Defendant states in his memorandum in support of his motion that "although it is hard to ascertain the vehicle for establishing this at the pleading stage ... the examination was appropriate and adequate as was the treatment for the diagnosis which was made." Def. brief at 11. Frankly, the court does not understand Defendant's reasoning in this regard.

Plaintiff's complaint asserts that she was discharged from the emergency room despite signs and symptoms of an emergency medical condition. As stated above, the court accepts this allegation as true for purposes of the motion to dismiss. Defendant's defenses have no place in a motion to dismiss, especially when Defendant Kinkel acknowledges that it is difficult to ascertain, at this stage of the proceedings, whether the treatment of Plaintiff was appropriate. Furthermore, the court does not see how Defendant's argument supports a motion to dismiss based on the lack of federal subject matter jurisdiction.

■ Defendant Kinkel asserts that dismissal of Counts II and III of Plaintiff's complaint is proper because COBRA only applies to hospitals, not to physicians. Again, the court must disagree. In *Thompson v. St. Anne's Hosp.*, 716 F.Supp. 8, 10 (1989), the United States District Court for the Northern District of Illinois, Eastern Division, held that an action under § 1395dd against a hospital, its Board of Commissions and two medical doctors was proper under the facts alleged in that case. In *Thompson*, Plaintiff brought an action against the defendants for failure to provide her with proper medical treatment in connection with the premature delivery of her baby. *Id.* at 9. The defendants in *Thompson* argued that a

cause of action could not be maintained as they had not engaged in any "patient dumping" activity. The *Thompson* court disagreed and held that COBRA not only prohibits "patient dumping", but also prohibits denial of stabilizing treatment to patients having an emergency medical condition or to patients in labor. *Id.* at 9–10.

COBRA's legislative history, as well as the language in the statute itself, also support a finding that federal jurisdiction is proper over emergency room physicians. COBRA specifically provides for civil monetary penalties and sanctions against a physician for knowingly violating COBRA's provisions. Under § 1395dd(d)(2)(B):

> The responsible physician in a participating hospital with respect to the hospital's violation of a requirement of this subsection is subject to the sanctions described in section 1395u(j)(2) of this title, except that, for purposes of this subparagraph, the civil money penalty with respect to each violation may not exceed $50,000, rather than $2,000.

Section 1395dd(d)(2)(C) goes on to state:

> As used in the this (sic) paragraph the term "responsible physician" means, with respect to a hospital's violation of a requirement of this section, a physician who—
>
> (i) is employed by, or under contract with, the participating hospital, and
>
> (ii) acting as such an employee or under such a contract, has professional responsibility for the provision of examinations or treatments for the individual, or transfers of the individual, with respect to which the violation occurred.

COBRA's legislative history provides further support that a federal cause of action can be brought against a responsible physician. The Ways and Means Committee initially provided for criminal sanctions against physicians who have responsibility for the treatment of patients and who knowingly fail to meet his or her responsibilities under COBRA. H.R.Rep. No. 241(I), 99th Cong., 1st Sess. 28, *reprinted in* 1986 U.S.Code Cong. & Admin.News 606. The Judiciary Committee, however, rejected this proposal. The following lan-

guage was used by the Judiciary Committee in rejecting the criminal sanctions provision:

> ... (T)he Judiciary Committee amendment would delete that portion ... which would impose criminal penalties on a physician who has professional responsibilities for the screening, examination, or treatment of a patient as required by [COBRA]. The Judiciary Committee understands and strongly supports holding physicians responsible for denying medical care. Indeed, it is for this reason that the Committee has recommended a provision ... which would provide that a $25,000 fine may be imposed on a physician, as well as a hospital, who fails to properly respond to the genuine medical needs of individuals who come to emergency rooms.

*   *   *   *   *   *

> The criminal sanction is unnecessary because the other sanctions in subsection (d) ... will serve to deter violations of the standards ... As noted above, [COBRA] provides for three sanctions, and these sanctions may be imposed against both hospitals and doctors.

H.R.Rep. No. 241(III), 99th Cong., 1st Sess. 7, *reprinted in* 1986 U.S.Code Cong. & Admin.News 729.

The Judiciary Committee did, however, recognize the need for civil sanctions against physicians who violate COBRA's provisions. The Judiciary Committee stated:

> ... (T)he Judiciary Committee amendment would extend the civil fines provision to the responsible physician, so that the physician, like the hospital, could be fined for violating the requirements of [COBRA] by up to $25,000 per violation. The current provision allows this civil penalty to be assessed only against the hospital. The Committee believes the ability to assess this fine against the responsible physician as well as the hospital will be a strong incentive for both to respond to the medical needs of individuals with emergency medical conditions and women in active labor.

H.R.Rep. No. 241(III), 99th Cong., 1st Sess. 6, *reprinted in* 1986 U.S.Code Cong. & Admin.News 728. The Judiciary Committee noted, however, that damage actions may only be brought against hospitals. H.R.Rep. No. 241(III), 99th Cong., 1st Sess. 6–7, *reprinted in* 1986 U.S.Code Cong. & Admin.News 728. Accordingly, this court believes it is clear that a federal court has jurisdiction in COBRA suits against emergency room physicians who are alleged to have violated COBRA's provisions.

■ Defendant Kinkel's final argument for dismissal of Counts II and III of Plaintiff's complaint is that § 1395u(j)(2) does not authorize any private recovery by a patient. Rather, Defendant argues that any amount recoverable must go to the Secretary of Health and Human Services. The court finds that the issue of whether Plaintiff or a governmental entity is entitled to recover any civil monetary penalty imposed against a hospital and/or a physician is not relevant to Defendant's motion to dismiss for want of federal subject matter jurisdiction. The court does, however, note that it would be a strange situation indeed for an individual to bring a civil suit so that a governmental entity could recover a monetary penalty. The court does not see why an individual would expend the monies and the time necessary in bringing the civil suit when he or she would not benefit in a favorable outcome. The court cannot fathom that Congress would have intended such a result.

The *possibility* that Plaintiff may not recover a civil monetary penalty does not affect her standing to bring a COBRA claim, as Defendant would have this court believe. In fact, § 1395dd(d)(3) specifically states that an individual suffering personal harm as a result of a COBRA violation may bring a civil action. COBRA's legislative history further supports the fact that individual suits are proper under COBRA. *See, e.g.,* H.R.Rep. No. 241(III), 99th Cong., 1st Sess. 6, *reprinted in* 1986 U.S.Code Cong. & Admin.News 728, where the Judiciary Committee noted that COBRA authorizes two types of actions for damages— one by an individual and one by a medical

facility that received an improperly transferred patient.

■ This court has found that it properly has federal jurisdiction over the present cause of action. As such, the court also has ancillary jurisdiction over pendent State law claims arising out of a "common nucleus of operative fact". *United Mine Workers of America v. Gibbs*, 383 U.S. 715, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966). Thus, this court asserts jurisdiction over Count III of Plaintiff's complaint. Count III alleges a State medical malpractice action against Defendant Kinkel that arises out of a common nucleus of operative fact as Plaintiff's federal claims.

## CONCLUSION

For the reasons set forth herein, the court denies Defendant Kinkel's motion to dismiss Counts II and III of Plaintiff's complaint. A status hearing is set for April 11, 1990 at 9:30 a.m.