■ JOEL L. KERKER, Conservatee, by MILTON KERKER, as Conservator, Appellant, v LAWRENCE B. HURWITZ et al., Respondents.—Judgment and order unanimously reversed on the law with costs, and new trial granted. Memorandum: Plaintiff commenced this action against defendant psychiatrist and his professional corporation to recover damages based upon claims that defendant committed medical malpractice in his psychiatric care and treatment of plaintiff and was otherwise negligent in failing to take proper care for the protection of plaintiff, who was known to have suicidal tendencies. Plaintiff was a young man who, while under the care of defendant, was admitted to the Benjamin Rush Psychiatric Center in Syracuse. While a patient there, he tried to kill himself on two separate occasions, once by taking an overdose of pills and once by hanging himself from sprinkler pipes in his room. Subsequently, he again attempted to commit suicide by hanging himself from the same sprinkler pipes. Although the hospital staff discovered plaintiff and managed to save his life, he suffered severe brain damage and is now permanently disabled.

Plaintiff proceeded to a jury trial on his causes of action for medical malpractice and common-law negligence. Following close of proof, the trial court ruled that this was a case of medical malpractice and refused plaintiff's request to charge common-law negligence. The jury returned a verdict of no cause of action on plaintiff's claim for medical malpractice. Plaintiff's posttrial motion to set aside the verdict or, in the alternative, for a new trial, was denied.

Supreme Court erred in refusing to charge common-law negligence. Because medical malpractice is simply one form of negligence, no rigid analytical line separates the two *(Scott v Uljanov,* 74 NY2d 673, 674; *Bleiler v Bodnar,* 65 NY2d 65, 72; *Perkins v Kearney,* 155 AD2d 191, 192). "The distinction between ordinary negligence and malpractice turns on whether the acts or omissions complained of involve a matter of medical science or art requiring special skills not ordinarily possessed by lay persons or whether the conduct complained of can instead be assessed on the basis of common everyday experience of the trier of the facts" *(Miller v Albany Med. Center Hosp.,* 95 AD2d 977, 978; *Twitchell v MacKay,* 78 AD2d 125, 127; *Hale v State of New York,* 53 AD2d 1025, *lv denied* 40 NY2d 804).

Although expert testimony is ordinarily required to establish a prima facie case of medical malpractice, where, as here, the issue of negligence is readily determinable by a trier of

fact evaluating the evidence based on common knowledge, there is no need for expert testimony *(Benson v Dean,* 232 NY 52, 56; *Tighe v Ginsberg,* 146 AD2d 268, 271-272; *Hirschberg v State of New York,* 91 Misc 2d 590, 594). In plaintiff's negligence cause of action, the gravamen is not negligence in furnishing psychiatric care and treatment to plaintiff, but rather the psychiatrist's breach of a duty to provide for the protection of plaintiff by allowing him to remain in a hospital room with the same sprinkler pipes from which he had previously attempted to hang himself. It is well established that when a risk of harm has been identified through the exercise of medical judgment, a failure to take measures to prevent the harm may constitute actionable ordinary negligence *(Ranelli v Society of N. Y. Hosp.,* 295 NY 850; *Miller v Albany Med. Center Hosp., supra,* at 979; *Eady v Alter,* 51 AD2d 991). Thus, in cases where there is clear notice of the risk of harm, liability may be imposed without reference to professional standards of care *(see, e.g., Huntley v State of New York,* 62 NY2d 134; *White v Sheehan Mem. Hosp.,* 119 AD2d 989; *Eady v Alter, supra).* (Appeal from judgment and order of Supreme Court, Onondaga County, Gilbert, J.—medical malpractice.) Present—Callahan, J. P., Denman, Green, Balio and Lowery, JJ.