**Louise E. BALLACHINO, Individually and as Administratrix of the Estate of Andrew A. Ballachino, Plaintiff,**

v.

**Mark ANDERS, M.D.; Kenmore–Tonawanda Medical Associates, P.C.; Kenmore Mercy Hospital; M. Vilayat Ali, M.D.; and Buffalo Medical Group, P.C., Defendants.**

**No. 92–CV–216C.**

United States District Court, W.D. New York.

Jan. 27, 1993.

Hamsher & Valentine (Richard P. Valentine, of counsel), Buffalo, NY, for plaintiff.

Maloney, Gallup, Roach, Brown & McCarthy (Donald P. Chiari, of counsel), Buffalo, NY, for defendants Mark Anders, M.D. and Kenmore–Tonawanda Medical Associates, P.C.

Damon & Morey (Julie M. Bargnesi, of counsel), Buffalo, NY, for defendant Kenmore Mercy Hosp.

Rodgers, Menard & Coppola (Vicky L. Valvo Walkowiak, of counsel), Buffalo, NY, for defendants M. Vilayat Ali, M.D., and Buffalo Medical Group, P.C.

CURTIN, District Judge.

Plaintiff Louise E. Ballachino, individually and as administratrix of her deceased husband's estate, has filed a complaint alleging violations of certain provisions of the Emergency Medical Treatment and Active Labor Act ("EMTALA" or "the Act"), 42 U.S.C.A. § 1395dd (West Suppl.1992). Plaintiff's complaint also contains various malpractice allegations. Plaintiff alleges jurisdiction pursuant to section 1395dd(d)(3) of the Act and under this court's supplemental jurisdiction.

Plaintiff brings this action against individual physicians, their employers, and the hospital at which decedent first presented. Plaintiff alleges violations of EMTALA's screening and transfer provisions against all defendants. 42 U.S.C. § 1395dd(a), (b), and (c). Defendant Mark Anders, M.D., is a physician associated with defendant Kenmore–Tonawanda Medical Associates, P.C. Defendant M. Vilayat, M.D., was the deceased's attending physician and is associated with defendant Buffalo Medical Group, P.C. Defendant Kenmore Mercy Hospital operates the emergency room at which the deceased presented with a medi-

cal complaint. Defendants each have moved to dismiss, citing plaintiff's failure to state a claim upon which relief may be granted, Fed.R.Civ.P. 12(b)(6), and, in the alternative, challenging the subject matter jurisdiction of this court, Fed.R.Civ.P. 12(b)(1).

In determining a motion to dismiss for failure to state a claim, all factual allegations in the complaint must be believed as true and construed favorably to the plaintiff. *Ortiz v. Cornetta*, 867 F.2d 146, 149 (2d Cir.1989). Moreover, the district court may only test the legal sufficiency of the complaint, and has no authority to consider matters outside the pleadings. *Kopec v. Coughlin*, 922 F.2d 152, 155 (2d Cir.1991).

EMTALA imposes a three-part duty on Medicare-provider hospitals that have emergency departments. First, the hospital must provide "an appropriate medical screening examination" to determine whether an "emergency medical condition" exists for "any individual" who presents to the emergency department seeking examination or treatment. 42 U.S.C. § 1395dd(a). Second, if the hospital determines that an "emergency medical condition" exists, then it must either "stabilize the medical condition", or "provide for transfer of the individual," 42 U.S.C. § 1395dd(b). The third part of the duty is to restrict the transfer of an individual according to certain rules not at issue in this particular case, 42 U.S.C. § 1395dd(c). If a hospital should violate the Act, it may be sued by "[a]ny individual who suffers personal harm" as a result. 42 U.S.C. § 1395dd(d)(2)(A).

Defendants first argue that plaintiff cannot maintain its action because Andrew Ballachino was, in fact, insured and no claim of indigence was alleged by plaintiff. Defendants also maintain that plaintiff cannot expect to recover against the individual physicians or their respective employer-professional associations. Finally, defendants all maintain that plaintiff failed to allege a violation of any requirement imposed by EMTALA.

As an initial matter, in consideration of the discussion held at oral argument and a review of the relevant law on the subject, this court finds persuasive authority which holds that plaintiff need not allege the indigence of the patient at the outset of the complaint. Although the legislative history behind EMTALA is clearly concerned with the fate of uninsured patients, the "if any individual" language has been interpreted through a plain reading of the statute to extend protection to all individuals who present at participating hospitals. *See Gatewood v. Washington Healthcare Corp.*, 933 F.2d 1037, 1040 (D.C.Cir.1991); *Cleland v. Bronson Health Care Group, Inc.*, 917 F.2d 266, 269–70 (6th Cir.1990); *see also Brooker v. Desert Hospital Corporation*, 947 F.2d 412, 414 (9th Cir.1991). Equally persuasive is the opinion that the Act's enforcement provision, codified at § 1395dd(d)(2)(A), is explicitly limited to actions against the participating hospital so that there is no private right of action against individual physicians under EMTALA. *See Gatewood*, 933 F.2d at 1040 n. 1; *Jones v. Wake County Hosp. System, Inc.*, 786 F.Supp. 538, 545 (E.D.N.C.1991); *see also Baber v. Hospital Corporation of America*, 977 F.2d 872, 876–77 (4th Cir.1992). Therefore, all of the defendants, except for defendant Kenmore Mercy Hospital, are dismissed from this lawsuit for failure to state a claim upon which relief can be granted, pursuant to Fed.R.Civ.P. 12(b)(6).

Plaintiff's claims against the hospital are a different matter. From a purely technical reading of the complaint and plaintiff's ninth claim, in particular, the cause against the hospital must survive a dismissal motion. On May 15, 1990, the decedent presented at defendant Kenmore Mercy Hospital with complaints of chest pain and repeated episodes of loss of consciousness. Item 1, ¶ 10. The hospital is alleged to be a "participating hospital," according to its provider agreement pursuant to 42 U.S.C. § 1395cc. *Id.* at ¶ 52. While Dr. Anders and Dr. Ali are alleged to have acted in concert in rendering professional medical and surgical care and treatment to the decedent while at Kenmore

Mercy Hospital, *Id.* at ¶ 11, the doctors importantly are nowhere alleged to have provided any "emergency screening examination." In fact, plaintiff clearly alleges that these defendants "negligently failed to provide an appropriate medical screening examination and failed to determine whether or not an emergency medical condition existed for the decedent," in violation of 42 U.S.C. § 1395dd(a). *Id.* at ¶ 54. Thus, at this point, the court is faced with the question of whether any "emergency screening examination" occurred at all. Plaintiff also alleges the hospital's failures in stabilization and transfer procedures pursuant to 42 U.S.C. § 1395dd(b) and (c). *Id.* at ¶¶ 55 & 56. Technically, all of these allegations taken together, without more, state claims under EMTALA against defendant hospital. Defendant Kenmore Mercy Hospital's motions to dismiss are denied.

In reaching this decision, the court has carefully considered the memoranda of law filed and also the oral argument held on January 15, 1993. For the reasons stated in this order and for the reasons stated in open court on January 15, 1993, the individual actions lodged against defendants Dr. Mark Anders, Kenmore–Tonawanda Medical Associates, P.C., Dr. M. Vilayat, M.D., and defendant Buffalo Medical Group, P.C., are dismissed. It is further ordered that plaintiff amend the complaint to focus only on the hospital's violations of EMTALA. The amended complaint shall be filed not later than February 17, 1993, and the parties shall meet with court on February 24, 1993, at 9 a.m. to set a discovery schedule.

So ordered.