Mary N. JONES, et al., Plaintiffs,

v.

Luis GARCIA, M.D., et al., Defendants.

No. 96–1033–CIV–T–17.

United States District Court,
M.D. Florida,
Tampa Division.

Sept. 10, 1996.

Edward M. Albrecht, Limberopoulos & Associates, P.A., Tampa, FL, for Mary N. Jones, Thomas V. Jones.

Vance Robert Dawson, Rissman, Weisberg, Barrett, Hurt, Donahue & McLain, P.A., Orlando, FL, for Luis Garcia, M.D., Professional Emergency Services, Inc.

Gregory G. Frazier, Parenti, Falk, Waas & Frazier, P.A., Tampa, FL, for RHPC, Inc.

## ORDER

KOVACHEVICH, Chief Judge.

This cause is before the Court on Plaintiff's Motion to Remand or Stay (Dkt. 9), Defendant North Bay Medical's response (Dkt. 11), and the Motion to Remand of Defendants Garcia and Professional Emergency Services, Inc. (Dkt. 15).

The First Amended Complaint includes seven Counts. Count I is a negligence by Plaintiff Mary Jones against Defendant Garcia. Count II is a loss of consortium claim by Plaintiff Thomas Jones against Defendant Garcia. Count III is a negligence claim by Plaintiff Mary Jones under vicarious liability for the acts of Defendant Professional Emergency Services, which hired and employed Defendant Garcia. Count IV is a claim for loss of consortium by Plaintiff Thomas Jones against Defendant Professional Emergency Services. Count V is a negligence claim by Plaintiff Mary Jones against Defendant RHPC, Inc. d/b/a North Bay Medical Center. Count VI is a claim by Plaintiff Mary Jones under 42 U.S.C. § 1395dd against RHPC, Inc. d/b/a North Bay Medical Center. Count VII is a claim by Plaintiff Thomas Jones under 42 U.S.C. § 1395dd against RHPC, Inc. d/b/a North Bay Medical Center.

Plaintiffs seek a remand of this multi-count Complaint because state law issues predominate in most of the counts of the subject Complaint. Plaintiffs state they are pursuing a direct theory of liability under the Emergency Medical Treatment and Active Labor Act solely in anticipation of a possible defense raised by Defendant Garcia (Counts VI and VII). Plaintiffs believe the entire case should be remanded.

Defendants Garcia and Professional Emergency Services seek a remand of Counts I, II, III, IV and V of Plaintiff's First Amended

Complaint, based on the predominance of issues of state law.

Defendant RHPC, Inc., d/b/a North Bay Medical Center responds that this Court should retain jurisdiction over all causes of action because all causes arise out of the same set of circumstances. Defendant further argues that the State court has not assumed jurisdiction over the federal claims, and Plaintiffs have failed to show the exceptional circumstances justifying a stay of the federal claims.

■ At the outset, the Court notes that an EMTALA claim is not a negligence claim. The EMTALA and state medical malpractice laws provide distinct remedies for different wrongs. The EMTALA imposes two duties on hospitals. The first is to provide an appropriate medical screening evaluation to the person seeking treatment in the hospital's emergency room. If the hospital determines that an individual has an "emergency medical condition," the hospital must either: (1) provide further examination and treatment so as to "stabilize" the patient's treatment before discharging the patient, or (2) transfer the individual to another medical facility. (Citation omitted). Except under certain circumstances, a hospital may not transfer an individual unless [the individual's] condition has stabilized. *Lane v. Calhoun–Liberty County Hosp. Ass'n Inc.*, 846 F.Supp. 1543, 1549–50 (N.D.Fla.1994).

The Court has original jurisdiction of the EMTALA claims under 28 U.S.C. § 1331. The Court found that removal of this case under 28 U.S.C. § 1141 was proper. Title 28 U.S.C. § 1441(c) provides:

> Whenever a separate and independent claim or cause of action within the jurisdiction conferred by Section 1331 of this title is joined with one or more otherwise non-removable claims or causes of action, the entire case may be removed and the district court may determine all issues therein, or, in its discretion, may remand all matters in which State law predominates.

The Court notes that it could exercise supplemental jurisdiction to consider all claims which arise out of a common nucleus of operative fact. Further, the Judicial Improvements Act of 1990 grants federal district courts supplemental jurisdiction to hear claims that "are so closely related" to the claims within the district court's original jurisdiction that they "form part of the same case or controversy." 28 U.S.C. § 1367(a). While the provision grants federal courts jurisdiction over many pendent state law claims, the statute further provides:

> (c) The district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if—
> (1) the claim raises a novel or complex issue of State law,
> (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction, or
> (3) the district court has dismissed all claims over which it has original jurisdiction, or
> (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

28 U.S.C. § 1367(c).

The Court further notes that in *Palmer v. Hospital Authority*, 22 F.3d 1559, 1569 (11th Cir.1994), the Eleventh Circuit Court of Appeals found that the considerations articulated in *United Mine Workers v. Gibbs*, 383 U.S. 715, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966) were not abrogated, but should be considered when one of the factors in 28 U.S.C. § 1367(c) is present. These factors include, judicial economy, convenience, fairness to the parties, and whether all the claims would be expected to be tried together.

■ Defendants Garcia and Professional Emergency Services, Inc. request the remand of the state claims. Defendants argue that the state law claims predominate over the federal claim. The elements of proof between the EMTALA and state law claims differ substantially.

Defendants Garcia and Professional Emergency Services, Inc. argue that the state law claims involve novel and complex questions of medical malpractice, an area governed by a statutory scheme in Florida. The scheme includes an in depth presuit screening process, monetary caps on recoverable damages, and certain protections regarding confidentiality of administrative proceedings. Defendants argue that the medical malpractice claims are best considered by the state

courts because the claims are saturated with state public policy considerations.

Defendants Garcia and Professional Emergency Services, Inc. further argue that exceptional circumstances exist to decline supplemental jurisdiction, and therefore remand of the state law claims is appropriate. One factor is the length of time it takes to try a federal action as opposed to a state action, especially in light of Florida's statutory scheme, which is designed to promote prompt settlement of medical malpractice claims. Defendants argue that the removal of the state claims could add one to two years to this litigation. Defendants argue that remand would promote judicial economy, convenience to the parties, and Florida's policy of prompt settlement of medical malpractice claims.

Defendants further argue that since Plaintiffs have stated that the only basis for filing an EMTALA claim is to thwart a possible defense by Defendant Garcia, it would be fairer to remand the state claims. Defendants argue that it is inherently unfair to remove this action from Defendant's chosen forum where it will take longer to litigate, when the basis of a federal claim is an appendage to the primary claim.

Defendants further argues that Defendant Garcia is entitled to certain procedural protections under Florida's medical malpractice statutes which may not be similarly protected under EMTALA. Defendants state that to the extent that EMTALA claims and the malpractice claims overlap, evidentiary problems may be created, and this may defeat the evidentiary protections available to Defendant Garcia. Defendants state that bifurcation of the two types of claims will provide Defendant Garcia with the full protection of Florida's medical malpractice scheme, while permitting Plaintiffs to pursue the EMTALA claim unrestricted in federal court.

The Court has looked to other courts which have been presented with a similar situation, EMTALA claims presented with medical malpractice claims. Some district courts have retained jurisdiction over both claims. *Sorrells v. Babcock,* 733 F.Supp. 1189 (N.D.Ill.1990). If the state claims raise a novel issue of state law, district courts have declined to exercise jurisdiction. *Lane v. Calhoun–Liberty County Hosp. Assn.,* 846 F.Supp. 1543 (N.D.Fla.1994) (Claims under §§ 395.1041 and 401.45, *Florida Statutes* ). The Court also notes that state courts have disposed of EMTALA claims. *Stokes v. Candler Hospital, Inc.,* 216 Ga.App. 132, 453 S.E.2d 502 (1995).

The Court notes that the issues of state law raised in this case are not novel, nor are the issues necessarily complex. The claims are medical malpractice claims controlled by Florida law. The Court has had occasion to address medical malpractice claims under Florida law before.

The Court also notes that the negligence claims do not necessarily predominate over the EMTALA claims. The claims raised are two entirely separate types of claims.

The Court notes that judicial economy is not served by bifurcating this case, involving the resources of two judicial officers.

The Court further notes that should the EMTALA claims be disposed of prior to the other claims, the Court could remand the case at that time, especially if the EMTALA claims are disposed of early in the litigation rather than just prior to a trial on the merits. Accordingly, it is

ORDERED that the Motions to Remand are denied. The Court encourages the parties to conducted expedited discovery as to the EMTALA claims.