[667 NYS2d 475]

MARCEL ALMOND, Individually and as Administrator of the Estate of LISA A. ALMOND, Deceased, Respondent, v TOWN OF MASSENA et al., Defendants, and JAYANT JHAVERI, Appellant.

Third Department, January 8, 1998

## APPEARANCES OF COUNSEL

*Brown & Tarantino,* Buffalo *(Ann M. Campbell* and *John M. Visco* of counsel), for appellant.

*Poissant & Nichols, P. C.,* Malone *(Joseph P. Nichols* of counsel), for respondent.

## OPINION OF THE COURT

WHITE, J.

Lisa A. Almond (hereinafter decedent) presented herself at defendant Massena Memorial Hospital Emergency Room on August 2, 1993 suffering from an asthma attack. She received treatment in the emergency room and later that night was admitted to the hospital's intensive care unit by her personal physician, defendant Jayant Jhaveri. Unfortunately, decedent sustained a respiratory arrest on August 3, 1993 and, after being transferred to a hospital in Burlington, Vermont, died on August 4, 1993. Thereafter, plaintiff commenced this medical malpractice action in which he alleges a cause of action predicated upon the Emergency Medical Treatment and Active Labor Act (hereinafter EMTALA; 42 USC § 1395dd). Jhaveri, the hospital and defendant Nancy Faucher moved pursuant to CPLR 3211 (a) (7) to dismiss this cause of action. Supreme Court denied the motions, including Jhaveri's motion for reargument. Jhaveri appeals, maintaining that EMTALA does not authorize a civil action against a physician.

Initially, we shall dismiss the appeal from Supreme Court's order denying reargument since no appeal lies from such order (*see, Spa Realty Assocs. v Springs Assocs.,* 213 AD2d 781, 783).

EMTALA was enacted in 1986 in response to hospitals refusing to provide emergency medical treatment to patients unable to pay or transferring them before emergency conditions were stabilized (*see, Vickers v Nash Gen. Hosp.,* 78 F3d 139, 142). Under EMTALA, when an individual seeks treatment at an emergency room a hospital must provide an appropriate medical screening examination to determine if an emergency medical condition exists and, if it does, the hospital must stabilize the condition and generally cannot transfer the patient until the medical condition has stabilized (42 USC § 1395dd [a], [b], [c]). A hospital or any physician that negligently violates

EMTALA is subject to a civil monetary penalty that is assessed in an administrative proceeding (42 USC § 1395dd [d] [1] [A], [B]). In addition, an individual who suffers personal harm may maintain a civil action against the participating hospital (42 USC § 1395dd [d] [2] [A]).

Despite this clear statutory language limiting civil actions to hospitals, two Federal District Courts seem to indicate that civil actions may be maintained against physicians (see, Sorrells v Babcock, 733 F Supp 1189; Thompson v St. Anne's Hosp., 716 F Supp 8). Significantly, these cases have not drawn support from the Federal circuit courts as they have held that EMTALA does not authorize a private right of action against a physician (see, Eberhardt v City of Los Angeles, 62 F3d 1253, 1255-1257; King v Ahrens, 16 F3d 265, 270-271; Delaney v Cade, 986 F2d 387, 393-394; Baber v Hospital Corp., 977 F2d 872, 877-878; Gatewood v Washington Healthcare Corp., 933 F2d 1037, 1040, n 1). Likewise, the District Courts within the Second Circuit have reached the same determination (see, Reynolds v Mercy Hosp., 861 F Supp 214, 220-221; Ballachino v Anders, 811 F Supp 121, 123). These courts predicated their determinations upon the explicit statutory language and the legislative history which shows that an earlier draft of 42 USC § 1395dd (d) (2) did not precisely identify the parties against whom an action could be brought, causing the House Judiciary Committee to amend the provision to its present form to clarify that an action for damages may be brought only against the hospital which violated EMTALA (see, Eberhardt v City of Los Angeles, supra, at 1256).

Based upon the plain language of the statute and guided by these precedents, we agree that EMTALA does not afford an aggrieved individual a private remedy against a physician. Therefore, Supreme Court should have granted Jhaveri's motion.

MIKOLL, J. P., CREW III, PETERS and CARPINELLO, JJ., concur.

Ordered that the order entered June 19, 1996 is modified, on the law, with costs to defendant Jayant Jhaveri, by reversing so much thereof as denied defendant Jayant Jhaveri's motion to dismiss plaintiff's third cause of action; motion granted and said cause of action dismissed; and, as so modified, affirmed.

Ordered that the appeal from the order entered May 9, 1997 is dismissed.