■ TED PETRILLO, Respondent, v ROBERT P. LEATHER et al., Defendants, and ALFIO RACITI, Appellant. [668 NYS2d 637] —In an action to recover damages for personal injuries, the defendant Alfio Raciti appeals from an order of the Supreme Court, Orange County (Owen, J.), dated December 20, 1996, which denied his motion pursuant to CPLR 3211 (a) (5) to dismiss the plaintiff's amended complaint insofar as asserted against him as time-barred.

Ordered that the order is reversed, on the law, with costs, the motion is granted, the amended complaint is dismissed insofar as asserted against the appellant, and the action against the remaining defendants is severed.

In February 1992 the appellant performed surgery on the plaintiff's left carotid artery. During the operation the appellant noted that certain nerves and blood vessels in the area of the surgery (hereinafter the operative field), were in anomalous physical positions, thus necessitating special care in the manner in which the operation was performed. In September 1993 the plaintiff underwent a second operation in the same area, performed by the defendant Robert P. Leather. The plaintiff allegedly sustained injuries as a result, inter alia, of Dr. Leather's malpractice.

The plaintiff commenced this action in or about October 1995 against Dr. Leather and others, not including the appellant. In the course of pre-trial discovery, the plaintiff allegedly first learned that Dr. Leather had consulted with the appellant prior to the second operation, and that the appellant had failed to advise Dr. Leather about the plaintiff's unusual physiology in the operative field. The plaintiff thereafter moved for leave to serve an amended complaint, adding the appellant as a defendant. The motion was granted without opposition on September 4, 1996.

The amended summons and complaint were served upon the

appellant in or about September 1996 which is within three years after the date of the second operation but more than two years and six months thereafter. The amended complaint does not set forth the dates upon which the appellant allegedly committed relevant acts of negligence but the parties have adopted the position that the plaintiff's cause of action against the appellant accrued in September 1993. The amended complaint reiterated the allegations of malpractice against Dr. Leather and the other defendants in connection with the second operation. It also added a third cause of action, alleging that the appellant was guilty of ordinary negligence insofar as he breached a duty to inform Dr. Leather about the unusual physiology of the plaintiff's neck, and that this negligence contributed to the injuries caused by the other defendants' malpractice.

The appellant moved to dismiss the amended complaint as time-barred, arguing that it alleged acts of medical malpractice as against him and that such allegations were untimely pursuant to the two-year and six-month Statute of Limitations provided by CPLR 214-a. The Supreme Court denied the motion, concluding that the appellant's alleged failure to communicate with Dr. Leather constituted an act of ordinary negligence governed by the three-year Statute of Limitations provided by CPLR 214 (5). We reverse.

As this Court has held, the distinction between ordinary negligence and medical malpractice turns on whether the acts or omissions complained of involve a matter of medical science or art requiring "special skills" not ordinarily possessed by laypersons or whether the conduct complained of can be assessed on the basis of common everyday experience (*see, Berger v State of New York,* 171 AD2d 713, 716; *see also, Kerker v Hurwitz,* 163 AD2d 859). Furthermore, when the duty allegedly breached arises from the physician-patient relationship or is substantially related to medical treatment, the resulting cause of action sounds in medical malpractice (*see, Berger v State of New York, supra; see also, Chaff v Parkway Hosp.,* 205 AD2d 571; *Perkins v Kearney,* 155 AD2d 191; *Stanley v Lebetkin,* 123 AD2d 854; *cf., Papa v Brunswick Gen. Hosp.,* 132 AD2d 601).

In the instant case, the duty allegedly breached by the appellant clearly arose from a physician-patient relationship. The appellant discovered the plaintiff's anomalous physiological condition during the first operation. The appellant noted this condition but allegedly negligently failed to apprise Dr. Leather thereof. Certainly the unusual condition of the plaintiff's nerves

and blood vessels in the operative field is a matter of medical science. The appreciation of the significance of this anomalous condition and the need for one surgeon to convey this information to a second surgeon so that the second operation could be safely performed is a matter that cannot be assessed on the basis of common everyday experience (*see, McGinn v Sellitti,* 150 AD2d 967). It involves the exercise of the appellant's medical judgment (*see, Smee v Sisters of Charity Hosp.* 210 AD2d 966) and is clearly a matter that will require expert medical testimony for a jury to determine accurately whether or not a breach of duty occurred and whether such breach was a proximate cause of the plaintiff's injuries (*see, Fox v White Plains Med. Ctr.,* 125 AD2d 538; *Hale v State of New York,* 53 AD2d 1025; *Weiner v Lenox Hill Hosp.,* 88 NY2d 784; *Payette v Rockefeller Univ.,* 220 AD2d 69, 74). Accordingly, since the allegations against the appellant are more accurately characterized as concerning acts of medical malpractice, the amended complaint as against the appellant should have been dismissed as time-barred (*see,* CPLR 214-a; *Spatafora v St. John's Episcopal Hosp.,* 209 AD2d 608). Rosenblatt, J. P., Miller, Copertino and Goldstein, JJ., concur.