■ TERRENCE LIDGE et al., Individually and as Administrators of the Estate of TAMIR VICTOR LIDGE, Deceased, Appellants, v NIAGARA FALLS MEMORIAL MEDICAL CENTER, Respondent, et al., Defendant. (Appeal No. 1.) [793 NYS2d 797]—Appeal from an order of the Supreme Court, Erie County (John A. Michalek, J.), entered June 3, 2003. The order granted the motion of defendant Niagara Falls Memorial Medical Center for judgment as a matter of law dismissing the complaint against it pursuant to CPLR 4401.

Appeal from a judgment of the Supreme Court, Erie County (John A. Michalek, J.), entered June 25, 2003. The judgment, upon a jury verdict, dismissed the complaint against defendant John L. DeFazio, M.D.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed without costs.

Memorandum: Plaintiffs, individually and as administrators of the estate of their son, Tamir Victor Lidge (decedent), commenced this negligence and medical malpractice action against defendants to recover damages for the premature birth and subsequent death of decedent.

During the course of the litigation, disputes arose over discovery matters, and Supreme Court issued three discovery orders. Plaintiffs contend that the court erred in failing to enforce those orders and in impermissibly reconsidering previously issued orders. We reject that contention. "[E]very court retains continuing jurisdiction to reconsider its prior interlocutory orders during the pendency of the action" (*Liss v Trans Auto Sys.*, 68 NY2d 15, 20 [1986]; *see Aridas v Caserta*, 41 NY2d 1059, 1061 [1977]). Furthermore, our review of a determination denying sanctions is limited to whether the court abused or improvidently exercised its discretion (*see Kimmel v State of New York*, 267 AD2d 1079, 1080 [1999]; *Herrera v City of New York*, 238 AD2d 475, 476 [1997]), and we conclude that the court properly exercised its discretion in denying plaintiffs' motion for sanctions (*see Wolfson v Calamel*, 162 AD2d 959, 959-960 [1990]; *cf. Emanuel v Broadway Mall Props.*, 293 AD2d 708, 709 [2002]; *Vancott v Great Atl. & Pac. Tea Co.*, 271 AD2d 438 [2000]).

Shortly before trial plaintiffs retained a new expert because their prior expert was "uncooperative." Plaintiffs submitted new expert disclosure pursuant to CPLR 3101 (d) (1) (i) and moved for leave to amend the complaint to add two causes of action based on an alleged violation of the Emergency Medical Treatment and Active Labor Act of 1986 ([EMTALA] 42 USC § 1395dd). We conclude that the court properly denied plaintiffs' motion inasmuch as it was made on the eve of trial and plaintiffs failed to show "extraordinary circumstances to justify amendment" (*Jablonski v County of Erie*, 286 AD2d 927, 928 [2001]; *see Heller v Louis Provenzano, Inc.*, 303 AD2d 20, 24 [2003]). Plaintiffs failed to submit an affidavit of merit or other evidentiary proof supporting the amendment (*see Danne v Otis El. Corp.*, 276 AD2d 581, 582 [2000]; *Reape v City of New York*, 272 AD2d 533 [2000]; *Weller v Colleges of the Senecas*, 261 AD2d 852, 852-853 [1999], *lv denied* 93 NY2d 817 [1999]). In any event, the proposed amendment lacked merit. There is no private right of action against individual physicians under EMTALA (*see Almond v Town of Massena*, 237 AD2d 94, 96 [1998]; *Brenord v Catholic Med. Ctr. of Brooklyn & Queens, Inc.*, 133 F Supp 2d 179, 186 [2001]), and plaintiffs alleged only faulty screening, not disparate screening, by defendant Niagara Falls Memorial Medical Center (hospital) (*see Lear v Genesee Mem. Hosp.*, 254 AD2d 707, 708 [1998], *lv dismissed* 92 NY2d 1045 [1999]; *Brenord*, 133 F Supp 2d at 185).

We further conclude that the court properly precluded testimony from plaintiffs' expert that exceeded the scope of the expert disclosure inasmuch as defendants established that they were prejudiced by plaintiffs' failure to include alleged theories of negligence in the expert disclosure (*see Conroe v Barmore-Sellstrom, Inc.*, 12 AD3d 1121, 1123 [2004]; *Atkinson v Golub Corp. Co.*, 278 AD2d 905, 906 [2000]; *cf. Neumire v Kraft Foods*, 291 AD2d 784, 786 [2002], *lv denied* 98 NY2d 613 [2002]; *Maldonado v Cotter*, 256 AD2d 1073, 1074 [1998]).

At the close of plaintiffs' case, the hospital moved to dismiss the complaint against it and defendant John L. DeFazio, M.D. moved to dismiss the individual cause of action of Cynthia Lidge (plaintiff) against him. The court properly granted both motions. Plaintiffs' expert did not testify that any hospital personnel deviated from an applicable standard of care. The expert also failed to establish any basis of liability by DeFazio to plaintiff individually. Contrary to plaintiffs' contention, the testimony of plaintiff and her husband that one hospital physician erred in using an incorrectly sized mask on decedent during resuscitation efforts was insufficient to establish the

hospital's liability. That theory of liability necessarily involves matters of medical science requiring professional skill and knowledge and, therefore, constituted a medical malpractice theory of liability, which must be supported by expert medical testimony that there was a deviation from the standard of care (*see Petrillo v Leather*, 247 AD2d 368, 369-370 [1998]; *Smee v Sisters of Charity Hosp. of Buffalo*, 210 AD2d 966, 967 [1994]; *cf. Cegielski v St. Francis Home*, 222 AD2d 1010 [1995]). Thus, there was "no rational process by which the fact trier could base a finding in favor of [plaintiffs]" on the causes of action against the Hospital or plaintiff's individual cause of action against DeFazio (*Szczerbiak v Pilat*, 90 NY2d 553, 556 [1997]; *see e.g. Cruz v St. Luke-Roosevelt Hosp. Ctr.*, 280 AD2d 317 [2001]; *Storniolo v Bauer*, 176 AD2d 550, 550-551 [1991], *lv denied* 79 NY2d 752 [1992]).

Finally, we conclude that the court did not abuse its discretion in denying plaintiffs' motion for a mistrial inasmuch as two fleeting references to precluded evidence did not create a " 'substantial possibility of injustice' " (*Everding v Bombard*, 272 AD2d 937, 938 [2000], quoting *Hannon v Dunkirk Motor Inn*, 167 AD2d 834, 834 [1990]). The court, however, erred in settling the record on appeal from the judgment. The proposed amended complaint and expert disclosure statements should have been included in the record of that appeal. We therefore modify the order in appeal No. 4 accordingly. Those documents have been considered in our review of the appeal from the judgment. Present—Pigott, Jr., P.J., Hurlbutt, Martoche, Smith and Pine, JJ.