**Derreck Lee URBAN, et al., Plaintiffs,**

**v.**

**William T. KING, M.D., et al., Defendants.**

**Civ. A. No. 91–2317–V.**

United States District Court, D. Kansas.

Jan. 7, 1992.

Michael S. Holland, Russell, Kan., for plaintiffs.

Harry M. Bleeker, Turner & Boisseau, Chtd., Great Bend, Kan., Michael R. O'Neal, Gilliland & Hayes, P.A., Kenneth E. Peirce, Reynolds, Peirce, Forker, Suter & Rose, Hutchinson, Kan., Darrell D. Kellogg, Kahrs, Nelson, Fanning, Hite & Kel-

logg, Steven C. Day, Woodard, Blaylock, Hernandez, Pilgreen & Roth, Wichita, Kan., for defendants.

## MEMORANDUM AND ORDER

VAN BEBBER, District Judge.

Defendant Jay S. Shukman, M.D., has moved the court (Doc. 19) to dismiss plaintiffs' complaint for lack of subject matter jurisdiction. Fed.R.Civ.P. 12(b)(1). However, the motion to dismiss is actually one for failure to state a claim upon which relief can be granted, Fed.R.Civ.P. 12(b)(6), and the court will consider it as such. For the reasons stated below, the motion is granted in part and denied in part.

This is an action for personal injuries that plaintiff infants and plaintiff parents allegedly suffered during the infants' birth. Plaintiffs allege that the court has federal question jurisdiction, 28 U.S.C. § 1331, over the complaint in that Count I asserts a claim against defendants Shukman and Central Kansas Medical Center for violations of the Emergency Medical Treatment and Active Labor Act, 42 U.S.C. § 1395dd. Plaintiffs also allege that the court has jurisdiction over the remaining state law claims under the doctrine of pendent jurisdiction. Defendant Shukman contends, in his motion, that plaintiffs have failed to state claim under 42 U.S.C. § 1395dd and that plaintiffs' complaint should therefore be dismissed in its entirety.

The court may not dismiss a cause of action for failure to state a claim unless it appears beyond a doubt that the plaintiff can prove no set of facts in support of the theory of recovery that would entitle him to relief. *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–02, 2 L.Ed.2d 80 (1957). "All well-pleaded facts, as distinguished from conclusory allegations, must be taken as true." *Swanson v. Bixler*, 750 F.2d 810, 813 (10th Cir.1984). The court must view all reasonable inferences in favor of the plaintiff and the pleadings must be liberally construed. *Id.;* Fed.R.Civ.P. 8(a). The issue in reviewing the sufficiency of a complaint is not whether a plaintiff will ultimately prevail, but whether the claimant is entitled to offer evidence to support the claims. *Scheuer v. Rhodes*, 416 U.S. 232, 236, 94 S.Ct. 1683, 1686, 40 L.Ed.2d 90 (1974).

The following factual allegations of plaintiffs' complaint are pertinent to the disposition of defendant Shukman's motion:

### XXVI

Defendant, Central Kansas Medical Center, Great Bend, Kansas, is a participating hospital as defined by 42 U.S.C. § 1395dd(e)(3).

### XXVII

Plaintiff, Rosalind Marie Urban, presented herself to Central Kansas Medical Center ... on various dates, including November 17, 1989, and November 24, 1989, for antenatal studies at which time an emergency medical condition was noted to be present and that defendant Central Kansas Medical Center (Hospital) failed to provide stabilizing treatment to plaintiff Rosalind Marie Urban and her fetuses.

### XXVIII

Defendant Shukman failed to comply with the provisions of 42 U.S.C. § 1395dd(c) by failing to stabilize plaintiff before transfer, advising plaintiff Rosalind Marie Urban to return the following morning for a non-stress test and failing to sign the certification of transfer as required by 42 U.S.C. § 1395dd(c)[1](A)(ii); defendant hospital, also, failed to provide the required certification for transfer.

### XXIX

On November 17, 1989, and November 24, 1989, defendant failed to provide such further medical examination and such treatment as was required to stabilize the medical condition of Rosalind Marie Urban, Derreck Lee Urban and Devin Urban before transfer.

## XXX

Defendant hospital transferred Rosalind Marie Urban on November 17, 1989, and November 24, 1989, by discharging her when such transfer was not an appropriate transfer under the circumstances then existing which defendant hospital knew or should have known.

## XXXI

Plaintiffs suffered personal harm as a result of defendants hospital's and Shukman's violation of 42 U.S.C. § 1395dd and sustained damages....

Defendant Shukman contends that plaintiffs have failed to state a claim under 42 U.S.C. § 1395dd on two grounds. First, he contends that plaintiffs have failed to state a claim because they have not alleged that they are indigent. Second, he contends that, under the statute, plaintiffs cannot sue him, individually, for personal harm. Defendant Shukman thus contends that the court should dismiss plaintiffs' complaint in its entirety.

Congress enacted 42 U.S.C. § 1395dd, as part of the Consolidated Omnibus Reconciliation Act of 1986 (COBRA), to "address and alleviate the problem of 'patient dumping' practiced by hospitals throughout the country." *Coleman v. McCurtain Memorial Medical Management, Inc.*, 771 F.Supp. 343, 345 (E.D.Okla.1991). "Patient dumping" is the practice of transferring patients to another facility or refusing to treat patients who are indigent or have no health insurance. Under the statute, hospitals receiving Medicare funds are obligated to follow certain procedures when patients present themselves at the emergency room. *Id.* at 345–46.

The statute imposes two requirements on hospitals. "One requirement is that when an individual presents himself at a hospital and requests examination for a medical condition, the hospital 'must provide for an appropriate medical screening examination ... to determine whether or not an emergency medical condition exists.'" *Abercrombie v. Osteopathic Hospital Founders Assoc.*, 950 F.2d 676, 680 (10th Cir.1991)

(quoting 42 U.S.C. § 1395dd(a)). The second requirement is "that if the patient has an emergency medical condition which has not been stabilized, the patient, subject to certain exceptions ..., may not be transferred out of the hospital." *Id.* (citing 42 U.S.C. § 1395dd(c)). Transfer is defined to include discharge. 42 U.S.C. § 1395dd(e)(4).

The first issue the court must address is whether 42 U.S.C. § 1395dd applies only to those who are indigent or not covered by insurance. In *Stewart v. Myrick*, 731 F.Supp. 433 (D.Kan.1990) (Kelly, J.), the court stated that 42 U.S.C. § 1395dd does not encompass the situation that "does not represent a case of patient dumping, in which the plaintiff was turned away from medical care for economic reasons." *Id.* at 436; *see, also, Evitt v. University Heights Hosp.*, 727 F.Supp. 495, 498 (S.D.Ind.1989). Relying on the quoted language, defendant Shukman contends that because plaintiffs have not alleged that they are indigent they have failed to state a claim under 42 U.S.C. § 1395dd.

■ The court rejects this contention. Although the legislative history of the statute reflects a concern with the treatment of uninsured patients, the statute, itself, draws no distinction between persons with or without the means to pay for medical care. The plain language of the statute unambiguously extends its protections to "*any* individual" who seeks emergency room assistance. 42 U.S.C. § 1395dd(a) and (b)(1) (emphasis supplied); *Delaney v. Cade*, 756 F.Supp. 1476, 1486 (D.Kan.1991) (Crow, J.). Therefore, the court concludes that plaintiffs have not failed to state a claim under 42 U.S.C. § 1395dd merely because they have not alleged that they are indigent. The majority of courts that have considered this issue have reached a similar conclusion. *See Brooker v. Desert Hosp. Corp.*, 947 F.2d 412, 415 (9th Cir.1991); *Gatewood v. Washington Healthcare Corp.*, 933 F.2d 1037, 1040 (D.C.Cir.1991); *Cleland v. Bronson Health Care Group, Inc.*, 917 F.2d 266, 270 (6th Cir.1990); *Burrows v. Turner Memorial Hosp., Inc.*, 762 F.Supp. 840, 842 (W.D.Ark.1991); *DeBerry*

*v. Sherman Hosp. Assoc.,* 741 F.Supp. 1302, 1306–07 (N.D.Ill.1990); *but see Zai-Kaner v. Danaher,* No. 4–89–749, 1990 WL 264721 (D.Minn. Oct. 21, 1990); *Evitt,* 727 F.Supp. at 498.

■ The second issue that the court must decide is whether, under 42 U.S.C. § 1395dd, an individual physician may be liable to a plaintiff for personal harm. The court concludes that the statute does not provide a plaintiff with a private cause of action against an individual physician. *Delaney,* 756 F.Supp. at 1486. Section 1395dd(d)(3)(A) provides:

> Personal harm. Any individual who suffers personal harm as a direct result of a participating hospital's violation of this section may, in a civil action *against the participating hospital,* obtain those damages available for personal injury under the law of the State in which the hospital is located, and such equitable relief as is appropriate.

*Id.* (emphasis supplied). Although the statute's remedy section clearly creates a private cause of action against the hospital, as asserted, it fails to provide an individual with a civil remedy against the individual physician. *Delaney,* 756 F.Supp. at 1487. Therefore, Count I, as it pertains to defendant Shukman, individually, is dismissed. *See Lavignette v. West Jefferson Medical Center,* No. 89–5495, 1990 WL 178708 (E.D.La. Nov. 7, 1990); *but see Sorrells v. Babcock,* 733 F.Supp. 1189 (N.D.Ill.1990).

■ Because the court has concluded that plaintiffs have failed to state a claim against defendant Shukman or any of the other physicians in Count I, the court must determine whether it should retain jurisdiction over the state law claims asserted against them. The question implicates this court's supplemental jurisdiction. 28 U.S.C. § 1367. In this case, plaintiffs allege that there were several causes of their personal injuries. One was the alleged "dumping" of Rosalind Marie Urban and her fetuses. Another was the alleged negligence of the physicians. Both are alleged to have contributed to plaintiffs' injuries. The court concludes, because of the nature of the alleged injuries, that plaintiffs would be expected to try all of their claims together. When several causes combine to cause a harm, as they are alleged to have done here, the causes are part of the same controversy, and the court finds that supplemental jurisdiction is properly exercised. The court will retain jurisdiction over the claims asserted against defendant Shukman and the other physicians.

IT IS, THEREFORE, BY THE COURT ORDERED that defendant Shukman's motion to dismiss (Doc. 19) is granted in part and denied in part. Count I, only as it pertains to defendant Shukman, individually, is dismissed. In all other respects the motion is denied.

IT IS SO ORDERED.