Eddie Lee RICHARDSON, By and Through His Curatrix, Willie Murl ROGERS, Plaintiff,

v.

SOUTHWEST MISSISSIPPI REGIONAL MEDICAL CENTER, Dr. Frank McDonald, Nurse Jane Doe, and Mississippi Emergency Associates, P.A., Defendants.

Civ. A. No. J89–0024(W).

United States District Court, S.D. Mississippi, Jackson Division.

March 9, 1992.

sissippi Emergency Associates, P.A., [hereinafter MEA] to dismiss plaintiff's claim under the Emergency Medical Treatment and Active Labor Act, 42 U.S.C. § 1395dd, pursuant to Rules 12(b)(6)[1] and 12(c)[2] of the Federal Rules of Civil Procedure. In the alternative, defendants seek an order granting their motion in limine which would prevent plaintiff from alleging at trial that defendants violated 42 U.S.C. § 1395dd in their evaluation and treatment of the plaintiff. The central issue for purposes of the motion to dismiss is whether under the Emergency Medical Treatment and Active Labor Act, 42 U.S.C. § 1395dd, Congress has provided to an individual, such as the plaintiff, a private right of action against an emergency room physician and the physician's medical group for an alleged violation of the act.

As above stated, defendants' motion is urged pursuant to Rule 12(b)(6). The juridical guideposts of this rule when a party seeks to dismiss an action and obtain a judgment on the pleadings are well known. A complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of the claim which would entitle the plaintiff to relief. *Miller v. Stanmore*, 636 F.2d 986, 992 (5th Cir.1981) (citing cases). Further, the court must accept as true all well pleaded facts in the complaint, which are to be liberally construed in favor of the plaintiff. *Kaiser Aluminum & Chemical Sales, Inc. v. Avondale Shipyards, Inc.*, 677 F.2d 1045, 1050 (5th Cir.1982), *reh. denied*, 683 F.2d 1373 (5th Cir.1982), *cert. denied*, 459 U.S. 1105, 103 S.Ct. 729, 74 L.Ed.2d 953 (1983) (citing cases).

The facts pleaded in plaintiff's complaint are as follows: On or about May 29, 1987, a moving motor vehicle struck Eddie Lee Richardson as he walked down Mississippi

Edwin L. Bean, Jr. and Mack Brabham, McComb, Miss., for plaintiff.

J. Robert Ramsay, Hattiesburg, Miss. and R. Mark Hodges, Jackson, Miss., for defendants.

## MEMORANDUM OPINION AND ORDER

WINGATE, District Judge.

Before the court is the motion of the defendants, Dr. Frank McDonald and Mis-

---

**1.** Rule 12(b)(6) of the Federal Rules of Civil Procedure provides:

... the following defenses may at the option of the pleader be made by motion: ... (6) failure to state a claim upon which relief can be granted, ....

**2.** Rule 12(c) of the Federal Rules of Civil Procedure states in pertinent part:

After the pleadings are closed but within such time as not to delay the trial, any party may move for judgment on the pleadings.

Highway 24 in Liberty, Mississippi. Subsequent to the accident, an ambulance transported Richardson to Southwest Mississippi Regional Medical Center in McComb, Mississippi. After Richardson arrived at the emergency room, he was medically treated, the quality of which is disputed by the parties. Plaintiff, aggrieved over the care and treatment afforded, by this lawsuit seeks to recover against the defendant physician and his medical group[3] on grounds of negligence and the violation of the Emergency Medical Treatment and Active Labor Act, 42 U.S.C. § 1395dd.[4]

The Emergency Medical Treatment and Active Labor Act was enacted as part of the Consolidated Omnibus Budget Reconciliation Act of 1986 (COBRA). Congress enacted the statute as a response to the nationwide problem of "dumping" indigent patients who have no health insurance at other medical treatment facilities. *See Delaney v. Cade*, 756 F.Supp. 1476, 1485 (D.Kan.1991) (citing legislative history of Act). The Act requires medicare participating hospitals with emergency departments to provide a medical screening exam for all persons requesting treatment at the emergency department, without regard to the patient's ability to pay. 42 U.S.C. § 1395dd(a). If the screening evaluation shows that the patient has an emergency medical condition, as defined in the statute pursuant to 42 U.S.C. § 1395dd(e)(1), the emergency department is required to stabilize the patient or arrange an appropriate transfer of the patient. 42 U.S.C. § 1395dd(b). The statute further contains certain civil enforcement provisions that are invoked when a hospital or physician violates the requirements of the Act. 42 U.S.C. § 1395dd(d). Specifically, a hospital or physician who violates the requirements of the Act may incur civil monetary penalties or fines in an administrative proceeding conducted by the Secretary of Health and Human Services. *See* 42 U.S.C. § 1395dd(d)(1), (3), and 42 U.S.C. § 1320a–7a(a). In addition, a physician may be barred from participating in the medicare program for repeated or particularly egregious violations of the statute. 42 U.S.C. § 1395dd(b). Notwithstanding these administrative enforcement provisions, the Act also contains a provision which would allow an individual the right to pursue a civil claim for damages:

> Any individual who suffers personal harm as a direct result of a participating hospital's violation of a requirement of this section may, in a civil action against the participating hospital, obtain those damages available for personal injury under the law of the State in which the hospital is located, and such equitable relief as is appropriate.

42 U.S.C. § 1395dd(d)(2)(A). Plaintiff reads this provision and the rest of the statute to grant to plaintiff a private right of action against not only the hospital, but against the physician and the physician's medical group as well.

■ To determine whether a particular federal statute gives rise to a private right of action, this court, through statutory construction, must determine whether Congress intended to create the private remedy asserted. The starting point of this analysis is with the language of the statute itself. *Transamerica Mortgage Advisors, Inc. v. Lewis*, 444 U.S. 11, 15–16, 100 S.Ct. 242, 245–46, 62 L.Ed.2d 146, 150–152 (1979). A review of the language of the Emergency Medical Treatment and Active Labor Act shows that no express private right of action exists against a physician or group of physicians. The only reference to a private right of action in the Act appears in 42 U.S.C. § 1395dd(d)(2)(A), which allows a patient who "... suffers personal harm as a direct result of a participating hospital's violation ..." to collect personal injury damages in a civil action "... against a participating hospital...." The Emergency Medical Treatment and Active Labor Act contains no analogous provision which provides an express private right of action

---

**3.** Defendants Southwest Mississippi Regional Medical Center and Nurse Jane Doe previously have been dismissed from the present suit.

**4.** The plaintiff has not compromised his claim of negligence against the defendants, nor do the defendants, within the subject motion, request that this court rule on that claim.

against a physician or his medical group. *See Thornton v. Southwest Detroit Hospital*, 895 F.2d 1131, 1133 (6th Cir.1990) (Act creates private right of action against *hospital* and gives federal courts jurisdiction pursuant to 28 U.S.C. § 1331 to hear action); *Bryant v. Riddle Memorial Hospital*, 689 F.Supp. 490, 493 (E.D.Pa.1988) (Act creates private right of action against *hospital*).

▬ Although the language of the Act fails to establish an express private right of action against physicians, this court must search further to ascertain whether such an action may be implied. Under certain circumstances, a federal court will imply a private right of action, and, similar to the search for an express private remedy, this court's analysis initially focuses on the intent of Congress and the language of the statute itself. *Transamerica Mortgage Advisors, Inc. v. Lewis*, 444 U.S. 11, 15–18, 100 S.Ct. 242, 245–46, 62 L.Ed.2d 146, 152–53 (1979). The fact that Congress included an express right of action against the hospital, but failed to include an analogous remedy against a physician or physician group is one indication that Congress did not intend for the subject act to be enforced through private suits against physicians and physician groups. As the United States Supreme Court noted in the *Lewis* decision:

> ... it is an elemental canon of statutory construction that where a statute expressly provides a particular remedy or remedies, a court must be chary of reading others into it. "When a statute limits a thing to be done in a particular mode, it includes the negative of any other mode." (citing cases).

*Lewis*, 100 S.Ct. at 247. The Supreme Court further stated:

> In view of these express provisions for enforcing the duties imposed by [the statute], it is highly improbable that "Congress absentmindedly forgot to mention an intended private action...."

*Lewis*, 100 S.Ct. at 247. Referring to other Congressional statutes which provide for private rights of action, the Court noted:

> Obviously, then, when Congress wished to provide a private damage remedy, it knew how to do so and did so expressly.

*Lewis*, 100 S.Ct. at 248. This rule of statutory construction, like the language of the statute itself, indicates that no private right of action exists against a physician or physician group under the Emergency Medical Treatment and Active Labor Act.

This court also has reviewed the legislative history of 42 U.S.C. § 1395dd in an attempt further to determine Congressional intent. In particular, this court has reviewed the report of the Committee on the Judiciary which made the final amendments to the Act and placed it in the form in which it was enacted. One of the purposes of the Judiciary Committee amendment was to clarify who could bring a private right of action under the Act and against whom it could be brought. The Judiciary Committee stated in the report as follows:

> The language, as reported by the Ways and Means Committee, did not precisely identify which parties could bring actions under the provision, nor did it identify those against whom they could bring such action. The vagueness of the provision would not only leave the rights and liabilities of parties unclear, it also would place an unnecessary burden on the courts to define these rights and liabilities.

> Therefore, the Committee amendment makes it clear that the section authorizes only two types of actions for damages. The first of these could be brought by the individual patient who suffers harm as a direct result of hospital's failure to appropriately screen, stabilize, or properly transfer that patient. The second type of action could be brought by a medical facility which received and improperly transferred emergency patient ... or a woman in active labor. It also clarifies that actions for damages may be brought *only against the hospital* which has violated the requirements of [the Act]. (Emphasis added).

H.R.Rep. No. 241 (III), 99th Cong., 2nd Sess. 6–7 (1986), *reprinted in* 1986 U.S.C.C.A.N. 42, 728. Later, in its report, the Judiciary Committee summarized the enforcement provisions of the Act, noting that the civil monetary penalties could be assessed against a physician or a hospital. However, with regard to the private right of action, the Committee noted: "Finally, (the statute) authorizes an aggrieved party to sue *a hospital,* in federal or state court, for damages and other suitable relief." *Id.* at 729 (emphasis added).

Thus, the language of the statute itself, the rules of statutory construction, and the clear intent of the drafters of the statute as evidenced in their report, leave the court persuaded that Congress did not intend a private right of action for individuals pursuant to 42 U.S.C. § 1395dd against a physician or physician group.

This court also finds supportive five other cases from other jurisdictions which have addressed the issue of whether the Act creates a private right of action against a physician or physician group. *Urban v. King,* 783 F.Supp. 560, 562–63 (D.Kan.1992); *Gatewood v. Washington Healthcare Corporation,* 933 F.2d 1037, 1040 (D.C.Cir.1991); *Delaney v. Cade,* 756 F.Supp. 1476, 1486–87 (D.Kan.1991); *Lavignette v. West Jefferson Medical Center,* Civ. Action No. 89–5495, 1990 WL 178708, at * 1, 1990 U.S. Dist. LEXIS 14966, at *4 (E.D.La.1990); *Verhagen v. Olarte,* No. 89 CIV. 0300, 1989 WL 146265, at *5 (S.D.N.Y. Nov. 21, 1989). The Courts in each of these five cases indicated that a private right of action under the Emergency Medical Treatment and Active Labor Act is limited to a suit against a hospital and does not extend to physicians. The *Delaney* Court noted:

> The statute's remedy section clearly creates a private cause of action against a hospital, but fails to provide an individual with a civil remedy against the individual physician. If Congress had intended to create a private cause of action against a physician, it knew how to do so.

*Delaney,* 756 F.Supp. at 1487. *But see Sorrells v. Babcock,* 733 F.Supp. 1189, 1193

(N.D.Ill.1990) (Act creates private right of action against hospital and emergency room physician).

Therefore, after having reviewed the statute and applied the rules of statutory construction, including an analysis of legislative history, this court finds that the Act does not provide a private remedy for individuals against a physician or physician group. Accordingly, the defendants' motion to dismiss the plaintiff's claim pursuant to such statute is well taken and hereby granted.

SO ORDERED.