Mary **PATTERSON**, et al.

v.

Dr. J.T. **HAMRICK**, et al.

Civ. A. No. 94–2957.

United States District Court, E.D. Louisiana.

April 24, 1995.

Harry T. Widmann, New Orleans, LA, for plaintiffs.

Marshall G. Weaver, Henican, James & Cleveland, Metairie, LA, and Philip Allen Spence, Orleans Parish Dist. Attorney's Office, New Orleans, LA, for defendants.

## ORDER AND REASONS

JONES, District Judge.

Pending before the Court is plaintiffs' motion to remand this matter to state court. The motion was previously submitted without oral argument. Having reviewed the memoranda of the parties, the applicable law and the record, the Court GRANTS the motion to remand.

### Background

On February 16, 1991, Michael Patterson was injured after the motor vehicle in which he was a passenger crashed into a wooded area in Lafitte, Louisiana, throwing him free from the car. He was transported to West Jefferson Medical Center after having been discovered approximately eight hours later. Upon his arrival at the hospital, he was treated by emergency room physician Dr. J.T. Hamrick. Following the completion of x rays of his cervical and lumbosacral spine and a medical history, Michael Patterson was released and diagnosed with an acute lower back muscle strain. Subsequently, while at his sister's home in Mississippi, he was transported by ambulance to Singing River Hospital after he collapsed in her bathroom. He died later that evening from blunt injuries to his lower back that caused fractures to his transverse processes and massive hemorrhaging.

On August 3, 1994, after presentment of their claim to the Medical Review Board, Michael's parents, plaintiffs Mary Johnson Patterson and Willie Patterson, filed suit in the Civil District Court for the Parish of Orleans, State of Louisiana, against Dr. J.T. Hamrick and his insurer St. Paul Fire and Marine Insurance Company. They alleged that Dr. Hamrick committed medical malpractice by:

    (a) Fail[ing] to take an adequate history and make appropriate inquiries in order to establish the mechanism of injury, force of injury and likely areas of harm.

    (b) Fail[ing] to order pelvic x-ray series and CT Scan on a patient who was ejected from a rolling vehicle in a high velocity accident and violently struck his sacroiliac region on an unknown object.

    (c) Fail[ing] to perform an adequate physical examination in order to assess the likelihood of injury to the pelvis, sacroiliac, lumbosacral spine and internal structure of the pelvis.

    *(d) Dumping of an emergency room patient in violation of law.*

(Plaintiffs' Petition, Paragraph XII, Attachment to R.Doc. 1.) (Emphasis added.)

On September 12, 1994, defendants removed the suit to this Court asserting the existence of federal question jurisdiction under 28 U.S.C. § 1331. Plaintiffs then moved to remand the suit to Civil District Court for the Orleans, State of Louisiana, challenging defendants' assertion of federal question jurisdiction. Plaintiffs also seeks an award of costs.

Defendants assert that plaintiffs' claim that Dr. Hamrick "dumped" their deceased son presents a federal question for this

Court's resolution under the Consolidated Omnibus Reconciliation Act of 1985 (COBRA), specifically under COBRA's Emergency Medical Treatment and Active Labor Act, 42 U.S.C. § 1395dd. Defendants argue that plaintiffs' allegation that Dr. Hamrick "dumped" their son provides this Court with subject-matter jurisdiction by which the Court can also decide plaintiffs' "pendent" claim of medical malpractice. Defendants urge the "well-pleaded" complaint rule and insist that plaintiffs have only managed to avoid specifically stating a federal cause of action through artful pleading. *Villarreal v. Brown Express, Inc.,* 529 F.2d 1219, 1221 (5th Cir.1976) (party may not evade removal by drafting a complaint so that true purpose of lawsuit is artfully disguised).

In opposition, plaintiffs contend that their sole claim is for medical malpractice under Louisiana tort law and that they are not pursuing relief under § 1395dd. Plaintiffs do not specifically contest defendants' assertion that the Emergency Medical Treatment and Active Labor Act could apply. They simply argue that the statute does not preempt state malpractice law and that, because they have not sought remedies available under the statute but under state law, federal question jurisdiction does not exist.

### Law and Application

■ When a plaintiff challenges the propriety of a defendant's removal, the defendant carries the burden of showing the necessary facts to support the Court's exercise of removal jurisdiction. *See Jernigan v. Ashland Oil, Inc.,* 989 F.2d 812, 815 (5th Cir.1993); *Willy v. Coastal Corp.,* 855 F.2d 1160, 1164 (5th Cir.1988). Any doubts about the propriety of removal are construed in favor of remand, *Butler v. Polk,* 592 F.2d 1293, 1296 (5th Cir.1979), as the removal statute should be strictly construed in favor of remand. *York v. Horizon Fed. Sav. and Loan Ass'n,* 712 F.Supp. 85, 87 (E.D.La.1989) (Feldman, J.), citing *Shamrock Oil & Gas Corp. v. Sheets,* 313 U.S. 100, 61 S.Ct. 868, 85 L.Ed. 1214 (1941).

■ The specific issue is whether plaintiffs' claim against their son's emergency room physician, Dr. Hamrick, for "patient dumping" presents a viable cause of action

under federal law so as to confer jurisdiction under 28 U.S.C. § 1331. Though neither party directly addressed the question, this issue is clearly dispositive, for if there is no private cause of action under federal law there is no federal jurisdiction. Further, under Fed.R.Civ.P. 12(b)(1), this Court has the power to raise the issue of subject-matter jurisdiction *sua sponte.*

■ The Emergency Medical Treatment and Labor Act, 42 U.S.C. § 1395dd, commonly known as the Anti–Dumping Act, provides for the assessment of civil monetary penalties in *administrative proceedings* conducted by the Secretary of Health and Human Services against both hospitals and physicians who improperly transfer or discharge emergency room patients before their medical conditions have been stabilized. *See* 42 U.S.C. § 1395dd(d)(1)(A)–(B). The statute additionally provides:

> [a]ny individual who suffers personal harm as a direct result of a participating hospital's violation of a requirement of this section may, in a civil action against the *participating hospital,* obtain those damages available for personal injury under the law of the State in which the hospital is located, and such equitable relief as is appropriate.

42 U.S.C. § 1395dd(d)(2)(A) (emphasis added).

Thus, the language of the Anti–Dumping Act itself explicitly creates a private cause of action against hospitals that violate its provisions. Almost universally, however, courts have determined that the Anti–Dumping Act has not established a private right of action for recovery of damages against individual physicians. *See, e.g., King v. Ahrens,* 16 F.3d 265, 271 (8th Cir.1994) (and cases cited therein). *Cf. Palmer v. Hosp. Auth. of Randolph County,* 22 F.3d 1559 (11th Cir.1994) (holding that, although other circuits had determined that § 1395dd did not create a private right of action against physicians, the Eleventh Circuit had not yet decided the issue). *But see Sorrells v. Babcock,* 733 F.Supp. 1189, 1193 (N.D.Ill.1990) (holding that § 1395dd supports federal jurisdiction

over claims against emergency room physicians).[1]

Although the Fifth Circuit has not yet addressed this specific issue, district courts within the circuit have concurred that no private cause of action is available against physicians who violate the Anti–Dumping Act, who are subject only to penalties assessed in administrative proceedings. *See Richardson v. Southwest Mississippi Regional Medical Ctr.,* 794 F.Supp. 198, 202 (S.D.Miss.1992); *Lavignette v. West Jefferson Medical Ctr.,* Civ.A. No. 89–5495, 1990 WL 178708, at *2 (E.D.La.1990) (Livaudais, J.). *Lavignette* even involved a motion to dismiss for failure to state a claim by Dr. Hamrick, defendant herein.

■ Therefore, based on three factors, the Court finds there is no basis for federal question jurisdiction:

1) the absence of explicit language in the Anti–Dumping Act conferring jurisdiction in actions against physicians;

2) the overwhelming body of case law that no private cause of action against individual physicians may be brought under 42 U.S.C. § 1395dd; and

3) the fact that no hospital has not been joined in this litigation as a defendant.

■ Because the applicability of the Anti–Dumping Act provided defendants' sole basis for removal, the case was improperly removed. Defendants have failed to carry their burden of proving the propriety of this Court's federal question jurisdiction. A court *must* remand a case over which it has no jurisdiction. *Buchner v. FDIC,* 981 F.2d 816, 819 (5th Cir.1993) (construing 28 U.S.C. § 1441(c)).

Therefore, plaintiffs' motion will be granted. Further, plaintiff is entitled to an award of reasonable costs for having to bring the instant motion. The costs are to be determined by the United States Magistrate Judge.

Accordingly,

IT IS ORDERED that plaintiffs' motion to remand and for an award of reasonable costs BE and IS HEREBY GRANTED.

IT IS FURTHER ORDERED that this case BE REMANDED to Civil District Court for the Parish of Orleans, State of Louisiana.

IT IS FURTHER ORDERED that the award of costs be determined in a hearing before the United States Magistrate Judge.

---

1. However, numerous other courts have disagreed with *Sorrells. See, e.g., Baber v. Hospital Corp. of America,* 977 F.2d 872, 877–78 (4th Cir.1992); *Kaufman v. Cserny,* 856 F.Supp. 1307, 1311–12 (S.D.Ill.1994); *Lane v. Calhoun–Liberty County Hosp. Ass'n, Inc.,* 846 F.Supp. 1543, 1548–49 (N.D.Fla.1994).